Kenneth F. **HOFFMASTER**, Appellant,

v.

**VETERANS ADMINISTRATION.**

No. 19159.

United States Court of Appeals,
Third Circuit.

Argued June 3, 1971.

Decided June 21, 1971.

Kenneth F. Hoffmaster, pro se.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelpiha, Pa., on the brief), for appellee.

Before McLAUGHLIN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant is a United States of America Armed Services veteran. In the past he has filed a number of claims with the Veterans Bureau. He filed the present one in April 1968. He was allowed some of the benefits sought and was denied the others presented. He appealed the latter decision to the Veterans Local Board which upheld the denials. Appellant then took those matters to the Board of Veterans Appeals which fixed a hearing date for January 19, 1970. At the request of appellant that hearing was postponed and has not to date been moved by appellant. Previously, on November 3, 1969, appellant had filed suit requesting an injunction against the Veterans Administration in the United States District Court for the Eastern District of Pennsylvania. In his complaint, he alleged that Section 3404, Title 38 U.S.C., was unconstitutional in that it did not allow fees in excess of ten dollars to agents or attorneys for services to a veteran with respect to any one claim.

In his reply brief, appellant states "The issue is only on the constitutional argument of the $10.00 dollar fee to be paid the attorney." He also indicates very strongly that he has not exhausted his administrative remedies and insists that he need not do so prior to filing a complaint in the District Court. In his complaint he states that the maximum of ten dollars to an attorney for any one claim before the Veterans Appeal Board makes it impossible for him to obtain proper legal counsel in his claims. He has been represented before the Veterans Administration during his numerous

appearances by the American Legion, Veterans of Foreign Wars and the Disabled American Veterans. Appellant also contended before the District Court that he was entitled to have his claims passed upon by a judge and jury. The Veterans Administration moved to dismiss the complaint.

The ten dollar limitation statute was enacted to protect just claimants from improvident bargains and to prevent unjust claims. Calhoun v. Massie, 253 U.S. 170, 173–174, 40 S.Ct. 474, 64 L.Ed. 843 (1919). The constitutionality of this type of law has been upheld many times. Hines v. Lowery, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938); Margolin v. United States, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925); Gostovich v. Valore, 153 F.Supp. 826 (W.D. Pa.1957), aff'd 257 F.2d 144 (3 Cir. 1958), cert. denied 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959); In re Descamp Estate, 405 Pa. 331, 175 A.2d 827 (1961).

With reference to trial in the District Court, Section 211(a) of Title 38, U.S.C. states as follows:

"Except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official of any court of the United States shall have power or jurisdiction to review any such decision."

Appellant's claims are directly under the above language and not within any of its exceptions. Milliken v. Gleason, 334 F.2d 122 (1 Cir. 1954); Hahn v. Gray, 203 F.2d 625 (D.C.Cir.1953).

The trial judge had no alternative but to deny the motion for an injunction and dismiss the case for lack of jurisdiction as he did.

The judgment of the District Court, 315 F.Supp. 62, will be affirmed.