Ronald **GENDRON**, Plaintiff-Appellant,

v.

Honorable **William B. SAXBE**, Attorney General of the United States of America, et al., Defendants-Appellees.

No. 73-3436.

United States Court of Appeals, Ninth Circuit.

Aug. 7, 1974.

Scott J. Tepper (argued), Los Angeles Selective Service Lawyer's Panel, Los Angeles, Cal., Dennis H. Devermont (argued), Santa Monica, Cal., for plaintiff-appellant.

Carolyn M. Reynolds (argued), Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BARNES, BROWNING and HUFSTEDLER, Circuit Judges.

OPINION

HUFSTEDLER, Circuit Judge:

Gendron, a totally disabled veteran, brought suit challenging the constitutional validity of 38 U.S.C. § 3404, a statute that recognizes a veteran's right to the assistance of a lawyer to help him prepare and present to the Veterans' Administration claims for benefits, but

limits to $10 the compensation that a lawyer can receive for his services.[1] We hold that the complaint presented questions that were not constitutionally insubstantial and, therefore, the district court erred in denying Gendron's motion to convene a three-judge court and in dismissing his complaint.

The following facts are drawn from the complaint and the affidavit annexed to it. Gendron had been found totally disabled by the State of California and by the Social Security Administration of the United States. He sought veterans' disability benefits, claiming that his illness was service connected. Personnel of the Veterans' Administration thought otherwise; the Administration's Ratings Board rejected his claims stating that he "did not meet the schedular requirements for nonservice-connected pension benefits nor were his disabilities considered sufficient to permanently preclude some form of substantially gainful employment." He tried to retain a lawyer to help him prepare his appeal to the Veterans' Administration Board of Veterans Appeals, but the search was in vain because he could find no lawyer who would take the case for $10.[2]

The district court refused to convene a three-judge district court pursuant to 28 U.S.C. § 2281 because it concluded that Gendron's constitutional claim was insubstantial.

" '[C]laims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims doubtful or of questionable merit do not render them insubstantial for the purpose of 28 U.S.C. § 2281. A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' " Ex parte Poresky [(1933), 290 U.S. 30], at 32, [54 S.Ct., at 4, 78 L.Ed. 152] quoting from Hannis Distilling Co. v. Baltimore [(1910) 216 U.S. 285], at 288 [30 S.Ct., at 327, 54 L.Ed. 482] . . . .' " (Hagans v. Lavine (1974), 415 U.S. 528, 537, 94 S.Ct. 1372 at 1379, 39 L.Ed.2d 577, quoting from Goosby v. Osser (1973), 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36.)

The constitutionality of federal legislation limiting the fees that veterans could pay lawyers for handling their claims against the Government has been before the Supreme Court twice, directly in Margolin v. United States (1925), 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 and obliquely in Hines v. Lowrey (1938), 305 U.S. 85, 59 S.Ct. 31, 85 L.Ed. 56. In each case, the attack was launched on substantive due process grounds by lawyers seeking to sustain fees arranged by contract (*Margolin*) or by court award (*Hines*) in excess of the statutory limit. (*Cf.* Calhoun v. Massie (1920), 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843 (statute limiting lawyer's contingent fees for recovery of Civil War reparations upheld against substantive due process attack by lawyer).) The Supreme Court has never considered the questions whether the fee limitation of section 3404 deprives the veteran of his statutorily recognized right to counsel, or deprives him

---

1. In pertinent part section 3404 provides:
    "(a) The Administrator may recognize any individual as an agent or attorney for the preparation, presentation, and prosecution of claims under laws administered by the Veterans' Administration.
    " . . . .
    "(c) The Administrator shall determine and pay fees to agents or attorneys recognized under this section in allowed claims for monetary benefits under laws administered by the Veterans' Administration. Such fees— . . . (2) shall not exceed $10 with respect to any one claim . . . . "
    38 U.S.C. § 3405 imposes criminal penalties upon anyone who "directly or indirectly solicits, contracts for, charges, or receives . . . any fee or compensation except as provided in sections 3404 of 784 of this title."

2. The appeal is still pending before the Board because the Government agreed to postpone the hearing until this suit is finally determined.

of equal protection or of procedural due process, the basis of Gendron's constitutional assault. Here, as in *Mengelkoch v. Industrial Welfare Commission* (9th Cir. 1971), 442 F.2d 1119, prior decisions upholding the statute were directed to constitutional issues different from those raised in the subsequent action, and, therefore, the earlier decisions do not render the new issues constitutionally insubstantial for section 2281 purposes

In the light of *Goldberg v. Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 and its progeny and recent cases defining and refining the reach of equal protection, these issues are not frivolous. In holding that the issues are not insubstantial, we express no opinion on the ultimate merits of the constitutional arguments.

Reversed and remanded for further proceedings consistent with the views herein expressed.