**Ronald GENDRON, Plaintiff,**

v.

**Honorable William B. SAXBE, Attorney General of the United States of America, et al., Defendants.**

**No. CV 73-2241-EC.**

United States District Court,
C. D. California.

Jan. 7, 1975.

Scott J. Tepper, Los Angeles, Cal., Dennis H. Devermont, Santa Monica, Cal., Carole E. Goldberg, A. L. Wirin, Fred Okrand, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., by Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

Before KOELSH, Circuit Judge, and CRARY and LUCAS, District Judge.

## MEMORANDUM OPINION

The plaintiff seeks to enjoin the enforcement of Sections 3401–3405, Title 38, U.S.C., which limits the fees payable to agents and attorneys and provides for criminal sanctions for violation thereof. It is plaintiff's contention that the $10 fee limitation for agent or attorney imposed by § 3404 for the preparation, presentation and prosecution of claims under laws administered by the Veterans Administration, violates the plaintiff's constitutional rights to due process in the pursuit of his claim to service-connected disability benefits (38 U.S.C. § 301) and is a denial of his right to equal protection of the laws under the 5th Amendment.

The case was ordered remanded by the Court of Appeals, 501 F.2d 1087 (9th Cir., 1974), for hearing by a three-judge court following appeal from denial of plaintiff's request for a three-judge court and dismissal of the case on the grounds that the statute in issue and the predecessor statutes had been held to be constitutional by the Supreme Court in Hines v. Lowrey, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938), and Margolin v. United States, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925). The Court of Appeals observed in its opinion:

> "In holding that the issues are not insubstantial, we express no opinion on the ultimate merits of the constitutional arguments."

The Supreme Court, in the Margolin case, held that the statute in effect at that time, limiting fees to a claim agent or attorneys for services to a beneficiary in respect to a claim under the War Risk Insurance Act, was not in conflict with the 5th Amendment. Claimant's counsel was convicted for charging more than the authorized amount.

Hines v. Lowrey, supra, involved the World War Veterans' Act in effect in 1938 which limited to $10 the fee for any agent or attorney for services in the preparation of an application for veterans' benefits to the Bureau of Veterans' Affairs. The Supreme Court held that the limiting of the fee payable to an attorney for services in connection with the claim was a valid exercise of Congressional power. The veteran's counsel had received an award of $1500 for the services in question which involved preparation of the application for the claim and appearing with the disabled veteran in presenting the claim to the Bureau. The respondent was the representative of the estate of the incompetent veteran and sought to justify an award of $1500 attorney's fees made by a New York court. In upholding the limitation the Court said:

> "Congressional enactments in pursuance of constitutional authority are the supreme law of the land. Section 500 is a valid exercise of congressional power."

The Court of Appeals, Third Circuit, ruled on the issue before that Court in Hoffmaster v. Veterans Administration, 444 F.2d 192 (3rd Cir., 1971). The trial court, Chief Judge John W. Lord, Jr., denied the plaintiff veteran's motion for injunction and granted the motion of the Veterans' Administration to dismiss. After noting plaintiff's argument that the $10 limitation as to attorneys fees made it " * * * impossible for him to obtain proper legal counsel for his claims," the Court of Appeals ruled that the $10 limitation statute was enacted to protect just claimants from improvident bargains and "the constitutionality of this type of law has been upheld many times," citing several authorities, including Hines v. Lowrey and Margolin v. United States, supra.

The constitutionality of the fee limitation to agents or attorneys in proceedings before the Veterans' Administration and of Section 211(a), Title 38, U.S.C., were before District Judge Kinneary in Holley v. United States, 352 F. Supp. 175 (S.D.Ohio, 1972). Section 211(a) provides that no court of the United States shall have power or jurisdiction to review the decisions of the Administrator of the Veterans' Admin-

istration. The claim of the plaintiff veteran was entitlement to a disability pension for service-connected disability. In denying the request for a three-judge court and dismissing the complaint, the Court observed with respect to the restriction of attorneys fees, " * * * such limitations on attorney's fees are clearly constitutional," citing the cases discussed hereinabove.

The parties, by their "Stipulation of Facts for Trial," have agreed, among other things, that the plaintiff enlisted in the United States Air Force about February 6, 1969. As a result of psychiatric evaluation conducted at the United States Air Force Hospital, Chanute Air Force Base, Illinois, about May 14, 1969, he was found to be suffering from psychiatric problems and was discharged from the Air Force under honorable conditions as "unsuitable" on June 20, 1969. It was further stipulated that after consideration of plaintiff's application for service-connected disability benefits and an examination of plaintiff in January, 1973, it was determined the plaintiff was not entitled to the benefits he was seeking. On May 3, 1973, the plaintiff appealed the Veterans' Administration ruling and thereafter attempted to retain counsel but was unable to do so by reason of the $10 fee limitation. Plaintiff did not apply to the lay personnel referred to in Section 3402, Title 38, U.S.C. By reason of his mental condition plaintiff has received aid from the State of California and social security disability. He has, since March, 1973, been under the care of a psychiatrist whose services are paid for by Federal medicare.

Plaintiff relies chiefly on the decision of the Supreme Court of the United States in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). There the appellees were receiving financial aid under the federally assisted New York State's Home Relief program. The issue involved was whether appellees' constitutional rights to due process were violated by termination of the aid being received, without prior notice and pre-termination evidentiary hearing. The Supreme Court held that such welfare benefits are a matter of statutory entitlement for persons qualified to receive them and procedural due process is applicable to their termination. Pages 261–262, 90 S.Ct. 1011.

In ruling that the appellees were entitled to pre-termination hearing, the Court said that the hearing need not be a judicial or quasi-judicial trial but the recipient must be advised of the grounds for termination and be given the opportunity to confront adverse witnesses and present his own argument and evidence orally before the decision maker. It was held that counsel need not be furnished at the hearing but the recipient of the benefits must be allowed to retain an attorney if he so desired. The Court, in ordering the pre-termination hearing, said:

> "Thus the crucial factor in this context—a factor not present in the case of the black-listed government contractor, the discharged government employee, the taxpayer denied a tax exemption, or virtually anyone else whose governmental entitlements are ended—is that termination of aid pending a resolution of a controversy over eligibility may deprive an *eligible* recipient of the very means by which to live while he waits." Page 264, 90 S.Ct. page 1018.

That condition does not exist in the case at bar.

In reaching its conclusions in the Goldberg case, the Supreme Court applied a two part test, (a) is the interest at issue a constitutionally protected "property" or "liberty" interest, and if it is, (b) whether the recipient's interest in avoiding loss outweighs the Government's interest in maintaining the procedure as provided. Pages 262–263, 90 S.Ct. 1011.

As to public assistance benefits, the Court states:

> "The constitutional challenge cannot be answered by an argument that pub-

lic assistance benefits are 'a "privilege" and not a "right".' " Page 262, 90 S.Ct. page 1017.

It then observes:

"Relevant constitutional restraints apply as much to the withdrawal of public assistance benefits as to disqualifications for unemployment compensation * * *."

Apparently, the Court was considering a "right" in terms of a property interest as applying to withdrawal of an *established right* to public assistance benefits and not as a claim of qualifications for such benefits manifested by an application therefor, as is involved in the instant case.

In Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 the respondent teacher had been hired for the term of one year and the issue, pertinent to the instant matter, was whether his procedural due process rights had been violated by the Regents refusing to rehire him without notice of the reasons therefor. The Court held that the terms of the respondent's employment accorded him no "property" interest protected by procedural due process. In discussing the property rights generally, the Court said:

"* * * the Court has fully and finally rejected the wooden distinction between 'rights' and 'privileges' that once seemed to govern the applicability of procedural due process rights." Page 571, 92 S.Ct. page 2706.

At page 577, 92 S.Ct. at page 2709, it is stated:

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient, institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims."

It appears that the Court used "legitimate claim" and "claims" in the context of reference to a claim to benefits provided for by statute, the right to which had been determined, and as used in the opinion in the Goldberg case, supra, where the "claim" was to the continued payment of a benefit, the right to which had been etablished by the appellees and which benefit they had been receiving. In the instant case, Congress has not deprived the veteran of a benefit once conferred without appropriate safeguards.

We conclude that the plaintiff herein has no property interest in an unproven *claim* or in the fact the statute provides for benefits to veterans who may be able to qualify therefor.

The recent opinion of the Supreme Court in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15, involved the claim of a non-probationary employee in civil service who was dismissed from a position in the Office of Economic Opportunity for allegedly recklessly false and defamatory statements about other OEO employees. He sued for injunction and declaratory relief on the grounds that the procedure provided in the Lloyd-LaFollette Act (5 U.S.C. § 7501) for removal of one in his status violated his constitutional right to procedural due process.

The Court held the post-termination hearings provided by the Civil Service Commission and the OEO were sufficient in the circumstances and that the appellee's due process rights had not been violated. In so holding, the plurality opinion states:

"Where the focus of legislation was thus strongly on the procedural mechanism for enforcing the substantive right which was simultaneously conferred, we decline to conclude that the substantive right may be viewed wholly apart from the procedure provided for its enforcement. The employee's statutorily defined right is

not a guarantee against removal without cause in the abstract, but such a guarantee as enforced by the procedures which Congress has designated for the determination of cause." Page 152, 94 S.Ct. page 1643.

The concurring justices are not in accord with that principle. However, in the case at bar where veterans benefits are involved Congress is cloaked with the finality of authority that should make the rule announced in the plurality opinion particularly applicable.

For over 100 years it has been recognized, in the field of veterans' affairs, that Congress, through the Administrator of the Veterans' Administration, has had virtually complete latitude in authorizing and controlling the benefits to be granted veterans, the conditions under which granted and the procedure to be followed in the perfecting of an application for such benefits. Such long standing administration and control and the interpretation by the courts of the authority of the Veterans' Administration, as vested by Congress, should be entitled to substantial weight.

Congress has not been indifferent or insensitive to the needs or rights of veterans. In the statute's 112 year history, Congress has continuously considered and on many occasions has redetermined the fee policy here in question. As late as October, 1973, a subcommittee of the Senate Committee on the Judiciary considered the matter. Mr. John J. Corcoran, General Counsel of the Veterans' Administration, in his testimony before the Committee, reviewed the history of the Act and the fee limitations over the years. He said that the determination of claims is not an adversary proceeding and that there are approximately 2800 lay persons throughout the Country experienced and fully familiar with every facet of veterans' laws and Veterans' Administration regulations and that most of them are full-time paid employees.

Mr. Corcoran points out the obvious inadequacy of the $10 fee for an attorney, particularly at the appellate level where issues of law may be involved, but he observes in the conclusion of his statement:

"Nevertheless, in the interest of protecting the funds of the claimant, we believe there should be some limitaon the fee which might be charged.

\* \* \* \* \* \*

"In summary, we do not believe that any problem exists in the vast majority of claims presented to the Veterans' Administration. In fact, we are confident that veterans and their dependents have available to them, without fee of any kind, expert assistance and representation."

Part II of the Report of the Senate subcommittee, pp. 456–459.

The full consideration given by the Committee to the payment of legal fees, in its hearings held September 19–20 and October 1–5, 1973, is evidenced by the Committee Reports, Parts I through IV, filed in the within case by defendants' counsel at the time of the oral argument on November 25, 1974.

Congress, having in mind the availability to veterans of experienced lay persons to represent them in applying and qualifying for benefits, along with the facilities provided by the Government, as set forth in Section 3402, Title 38, U.S.C., appears to have concluded that the provisions for the representation of veterans was quite adequate. More elaborate procedural requirements involving adversary hearing would make proceedings necessarily burdensome and lengthy to the end that there would be long delays to the detriment of the veterans, as well as the creation of a great drain on the funds provided for their comfort. Having in mind the effective measures it had taken for the representation of veterans without charge, Congress could properly limit to a nominal sum the fee paid to one representing a veteran as an agent or attorney without prejudicing the veterans' rights.

■ This Court concludes the Congress, in the circumstances here involved,

could have precluded attorney representation in these administrative proceedings, including appeal, without violating the veteran's constitutional rights to procedural due process. It would follow that the fee for any representation may be fixed although, from a practical standpoint, the fee of $10 is so small as to preclude the veteran from retaining a lawyer of his own choice who normally would require the payment of what would clearly be deemed to be a reasonable fee for the services of preparation, presentation and prosecution of a claim.

Congress, in its wisdom, having in mind all the facts and circumstances, has acted in what it deemed to be the best interest of veterans generally in imposing the fee limitation and not capriciously or arbitrarily or in violation of the veteran's constitutional rights.

The plaintiff also urges that the fee limitation is a denial of his right to equal protection of the laws, forbidden by the 5th Amendment. His position is based on the fact that other Federal agencies have many different fee schedules, which he lists, and he asserts that he, as a veteran, has been unreasonably classified. An examination of the examples plaintiff enumerates discloses that the matters for which the fees are prescribed differ materially from the one involved here. They afford no basis for comparison. There is no violation of equal protection.

For the reasons noted hereinabove and under the authorities which have upheld the challenged statutes, this Court concludes that no constitutional rights of the plaintiff to due process or equal protection under the 5th Amendment have been violated in the case at bar and that plaintiff's complaint should be dismissed.

The within Memorandum Opinion is to be deemed compliance with Rule 52, Federal Rules of Civil Procedure, as to Findings of Fact and Conclusions of Law, and counsel for the defendants is requested to prepare, serve and lodge a proposed Judgment.