519 F.2d 298
 171 U.S.App.D.C. 162
 Emanuel STAUB, Individually and on behalf of all persons
similarly situated, Appellant,
v.
Donald E. JOHNSON, Individually and as Administrator of
Veterans' Affairs.
 No. 74-1504.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 11, 1975.
Decided Sept. 15, 1975.
 
 Thomas S. Martin, Washington, D. C., with whom Ralph J. Temple, Washington, D. C., was on the brief for appellant.
 Barry L. Leibowitz, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Paul M. Tschirhart, Asst. U. S. Attys., were on the brief for appellee.
 Before BAZELON, Chief Judge, MacKINNON, Circuit Judge, and CHRISTENSEN,* Senior United States District Judge for the District of Utah.
 Opinion for the court filed by Circuit Judge MacKINNON.
 MacKINNON, Circuit Judge:
 
 
 1
 Appellant challenges the constitutionality of 38 U.S.C. § 3404(c), which limits the fees payable to agents or attorneys representing veterans on claims for monetary benefits before the Veterans Administration (VA) to $10 per claim. The District Court dismissed the complaint for failure to present a substantial constitutional issue. Since we find that the constitutional questions raised by appellant are not insubstantial, we reverse and remand for further proceedings.
 
 
 2
 Appellant Staub, a veteran who served on active duty with the Marine Corps, suffers from a spinal condition which he contends was caused by a World War II incident in which he was partially buried by the explosion of a Japanese bomb. In 1968 he filed a claim for "service connected" disability benefits from the VA under 38 U.S.C. § 310. In accordance with applicable VA regulations,[1] appellant requested and was afforded the right to a hearing, to assistance at that hearing and to arrangements for the attendance of witnesses. Following the initial hearing, the claim for benefits was denied on the grounds that the disability was not "service connected." This decision was appealed to the Board of Veterans Appeals where appellant was again given a full hearing. At both hearings he was assisted by VA-accredited representatives provided free-of-charge by the Jewish War Veterans organization. The Board affirmed the initial decision denying the claim for benefits. Its decision was final and not subject to judicial review. See 38 U.S.C. § 211.
 
 
 3
 Appellant subsequently filed the instant action in District Court seeking a declaratory judgment that the restrictions on fees payable to attorneys representing claimants before the VA infringe upon his rights under the first and fifth amendments. He also sought an injunction compelling the VA to afford him a new hearing on his benefits claim at which he could be represented by retained counsel. In response to the VA's motion for judgment on the pleadings, the District Court ruled that the complaint failed to present a substantial constitutional question because 38 U.S.C. § 3404(c)(2) had been determined to be constitutional in Hines v. Lowery, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938) and Hoffmaster v. Veterans Administration, 444 F.2d 192 (3d Cir. 1971). Appellant appeals from the order dismissing his complaint.
 
 
 4
 The statute under challenge, 38 U.S.C. § 3404(c) provides:
 
 
 5
 (c) The Administrator shall determine and pay fees to agents or attorneys recognized under this section in allowed claims for monetary benefits under laws administered by the Veterans' Administration. Such fees
 
 
 6
 (1) shall be determined and paid as prescribed by the Administrator;
 
 
 7
 (2) shall not exceed $10 with respect to any one claim; and
 
 
 8
 (3) shall be deducted from monetary benefits claimed and allowed.
 
 
 9
 While this statute does not by itself prohibit the payment of additional fees by the veteran himself, section 3405 imposes criminal penalties on anyone accepting fees in excess of these limits.[2] The intent of this statutory scheme is to protect veterans from predatory fee practices by attorneys,[3] but it also reflects a congressional judgment that VA proceedings are nonadversary and thus retained counsel are unnecessary.[4]
 
 
 10
 The crux of appellant's argument on this appeal is that the decisions cited by the court below are distinguishable from his case and in any event have been undermined by subsequent Supreme Court opinions concerning the right to counsel in administrative proceedings. Therefore, he claims that he was entitled to a full hearing on the question of whether the statute deprives him of his rights to free speech and free association and his due process right to assistance of counsel. It is important to keep in mind that he is not arguing that he was precluded from having counsel (a right already guaranteed by VA regulations) or that he was entitled to free counsel. Rather he claims only that the restriction on counsel fees effectively deprived him of the ability to retain counsel of his own choosing[5] which he believes to be the only meaningful assistance of counsel.[6]
 
 
 11
 In Hines v. Lowery, supra, the Court upheld a predecessor of the statute at issue in this case against a challenge by an attorney claiming a right to fees awarded by a state court order for his representation of an incompetent veteran. Appellant argues that Hines is distinguishable because it involved a question of statutory interpretation rather than a constitutional claim and because it dealt with the right of the attorney to a fee rather than the right of the veteran to assistance of retained counsel.
 
 
 12
 Appellant's first argument is without merit since Margolin v. United States, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925), which affirmed the conviction of an attorney for accepting a higher fee, specifically held that the limitation on attorneys fees was constitutional. Id. at 102, 46 S.Ct. 64. In addition, the Court had previously held constitutional a similar statute restricting fees against a challenge by an attorney in Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843 (1920). Both decisions were cited with approval in Hines. Thus it is clear that the Supreme Court has explicitly considered the constitutionality of limitations on attorneys fees payable in claims for benefits before the VA.
 
 
 13
 With respect to the second argument, appellant correctly notes that the Supreme Court has never specifically considered a veteran's claim of a right to retained counsel. Courts in the Third Circuit have twice considered and rejected such arguments. See Hoffmaster v. Veterans Administration, 444 F.2d 192 (3d Cir. 1971); Gostovich v. Valore, 153 F.Supp. 826, Order entered June 25, 1957 (W.D.Pa.) (three-judge court), appeal dismissed, 355 U.S. 608, 78 S.Ct. 546, 2 L.Ed.2d 525 (1958).[7] However, both cases relied for their authority solely on Hines, Margolin, and Calhoun, supra, and did not specifically discuss the fact that those cases had considered claims by attorneys rather than the rights of claimant veterans. Thus, while Hoffmaster and Gostovich clearly rejected claims by veterans of a right to retained counsel, appellant is technically correct in asserting that his specific arguments were not squarely considered in any of the decisions relied on by the District Court as requiring dismissal of his complaint.
 
 
 14
 However, we find no reason to afford any further consideration to this argument. Even if the cases cited by the District Court are interpreted as authoritatively holding that the statute is constitutional as applied to appellant, there is substantial merit in his argument that they may have been undermined by subsequent Supreme Court decisions. In Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 887 (1970), the Court held due process requires that a welfare recipient be allowed to retain an attorney to represent him in a proceeding to terminate his benefits.[8] Subsequent to Goldberg, lower courts have extended this right to be represented by counsel to other types of agency proceedings.[9]
 
 
 15
 Since appellant was afforded the right to be represented by counsel at the hearing, Goldberg and its progeny are potentially distinguishable. However, appellant argues that these cases also require that the assistance of counsel be meaningful. Because the $10 limit on fees effectively precluded him from retaining counsel of his own choosing, it allegedly eliminated the only possibility for him to obtain meaningful assistance. He therefore urges that the restriction on attorneys fees infringes upon his rights of free speech and free association[10] and deprives him of the due process in administrative hearings guaranteed by Goldberg, to the same extent as would an absolute prohibition on the presence of counsel.
 
 
 16
 To support its position that appellant's complaint is not substantial, the VA argues that its proceedings are non-adversary in nature, that its procedures afforded him sufficient safeguards, that he has not met the Goldberg requirement of showing that he will suffer grievous loss if benefits are denied, that substantial governmental interests are served by the restriction on attorneys fees, and that free counsel is made available to claimants through the various service organizations (e. g. Veterans of Foreign Wars, Jewish War Veterans, etc.). Appellant, on the other hand, argues that he is indigent in the absence of veterans benefits, that VA procedures are so complicated it is impossible for him to represent himself, that agents are not always provided by the service organizations, that those who are provided are of questionable competence and often have closer ties to the VA than to the interests of the claimants they represent, and that there are alternate measures for controlling fee practices which would protect the governmental interests involved without infringing on constitutional liberties.
 
 
 17
 At this stage of this proceeding, it is not necessary for us to decide the merits of appellant's constitutional claims. Rather, our task is merely to determine whether he has raised substantial issues which prevent the summary disposition of his complaint. In light of Goldberg and the cases which have followed it in guaranteeing the right to be represented by retained counsel, we cannot conclude that the issues raised by appellant's complaint are insubstantial. The arguments raised by the VA go to the balancing of interests required by Goldberg in order to determine if a right to retained counsel exists but do not predetermine the decision on that issue in the absence of a hearing in the District Court. On remand, the court will need to examine the present system, and especially the nature of VA proceedings and the availability and adequacy of the free counsel provided by the service organizations. If it determines that the VA does not provide adequate safeguards for the interests of veterans, including meaningful assistance of counsel if counsel is necessary, the court will have to go on to determine whether the veteran's present "right" to retain his own counsel is merely illusory and meaningless in view of the fee limitation and whether other interests furthered by the statute justify the restriction on fees.
 
 
 18
 The identical question was recently considered in Gendron v. Saxbe, 501 F.2d 1087 (9th Cir. 1974), where the court noted that Margolin and Hines had not decided the question of the constitutional rights of veterans and concluded that the issues presented were not frivolous in light of Goldberg. We note that on remand a three-judge court held that the limitation on attorneys fees was constitutional. See Gendron v. Saxbe, 389 F.Supp. 1303 (C.D.Cal.1975). However, we do not view that development as sufficient to deprive appellant of the opportunity for a full adjudication of the substantial issues raised by his complaint. In holding that these issues are not insubstantial, we of course express no opinion on the ultimate merits of the constitutional arguments.
 
 
 19
 The order of the District Court dismissing appellant's complaint is vacated and the case is remanded for further proceedings consistent with the foregoing opinion.
 
 
 20
 Judgment accordingly.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 294(d)
 
 
 [1]
 See 38 C.F.R. §§ 19.133-19.135
 
 
 [2]
 38 U.S.C. § 3405 provides:
 Whoever (1) directly or indirectly solicits, contracts for, charges, or receives, or attempts to solicit, contract for, charge, or receive, any fee or compensation except as provided in sections 3404 or 784 of this title, or (2) wrongfully withholds from any claimant or beneficiary any part of a benefit or claim allowed and due him, shall be fined not more than $500 or imprisoned at hard labor for not more than two years, or both.
 
 
 [3]
 Congress, clearly intended to protect all veterans, competent and incompetent, in all courts, State and Federal, against the imposition or payment of fees in excess of the amount fixed by statute
 Hines v. Lowery, 305 U.S. 85, 90, 59 S.Ct. 31, 35, 83 L.Ed. 56 (1938).
 
 
 [4]
 Cf. 38 C.F.R. §§ 3.103(a), 19.133(c)
 
 
 [5]
 The complaint, P 9, alleges:
 Plaintiff contacted seven (7) lawyers in an attempt to gain advice and representation in his pursuit of his claim through this administrative process. All his efforts to obtain legal counsel were unsuccessful. The existence of the fee limitation in 38 U.S.C. § 3404(c)(2) was held out by some lawyers as a reason why representation by an attorney was a practical impossibility.
 
 
 [6]
 Paragraph 11 of the complaint asserts:
 This absolute bar to fee payments over $10.00 effectively prevented plaintiff from obtaining either advice or representation from a qualified attorney. Plaintiff was forced to rely upon the efforts of a service organization representative in his original appeal. These service representatives, though not trained lawyers, attempt to provide what advice and help they can in order to fill the void created by the absence of any real opportunity for effective legal representation. Plaintiff's claim as presented by the service representative was rejected as "not service connected." Similarly, plaintiff has pursued his attempts to gain reconsideration of the appellate decision without benefit of legal counsel. Plaintiff contends that the rejection of his claim is attributable to the poor quality of the non-professional representation he was compelled to utilize in pressing his claim before the Veterans Appeal Board.
 
 
 [7]
 In Gostovich, the three-judge court entered an order dismissing the complaint for lack of a substantial constitutional issue but remanded the case to the District Court for determination of any non-constitutional issues. That court rejected a claim that the Administrative Procedure Act had implicitly repealed the fee limitation. See Gostovich v. Valore, 153 F.Supp. 826 (W.D.Pa.1957), aff'd, 257 F.2d 144 (3d Cir. 1958), cert. denied, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959). See also In re Descamp Estate, 405 Pa. 331, 175 A.2d 827 (1961)
 
 
 [8]
 "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." Powell v. Alabama, 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). We do not say that counsel must be provided at the pre-termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires. Counsel can help delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination, and generally safeguard the interests of the recipient. We do not anticipate that this assistance will unduly prolong or otherwise encumber the hearing
 397 U.S. at 270-71, 90 S.Ct. at 1022.
 
 
 [9]
 See, e. g., Ahern v. Board of Education, 456 F.2d 399, 403 n.2 (8th Cir. 1972) (discharge of a public school teacher); Caulder v. Durham Housing Authority, 433 F.2d 998 (4th Cir. 1970), cert. denied, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971) (termination of lease in federally assisted public housing project); Frost v. Weinburger, 375 F.Supp. 1312, 1325-26 (E.D.N.Y.1974) (hearing on reduction in social security benefits); Ortwein v. Mackey, 358 F.Supp. 705, 714-15 (M.D.Fla.1973) (termination of non-tenured member of university faculty); Givens v. Poe, 346 F.Supp. 202, 209 (W.D.N.C.1972) (dismissal of students from public school); Barnett v. Lindsay, 319 F.Supp. 610 (D.Utah 1970) (right to presence of counsel at all hearings on welfare benefits). Cf. Toney v. Regan, 467 F.2d 953, 958 (9th Cir. 1972), cert. denied, 409 U.S. 1130, 93 S.Ct. 951, 35 L.Ed.2d 263 (1973) (no right to counsel at hearing on refusal to rehire non-tenured college professors); Jones v. Robinson, 142 U.S.App.D.C. 221, 224, 440 F.2d 249, 252 (1971) (transfer of defendant committed to a mental facility: "a lawyer to represent the accused patient is not required, but the hospital authorities may conclude that a lay representative assigned to the accused patient may be in the interest of justice.")
 
 
 [10]
 Citing United Transportation Union v. Michigan Bar, 401 U.S. 576, 91 S.Ct. 1076, 28 L.Ed.2d 33 (1971); United Mine Workers v. Illinois State Bar Association, 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967); Brotherhood of Railroad Trainmen v. Virginia State Bar, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964); and NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), each of which struck down restrictions on group practice of law