**Emanuel STAUB, Plaintiff,**

v.

**Richard L. ROUDEBUSH, Defendant.**

**Civ. A. No. 73–1640.**

United States District Court,
District of Columbia.

Dec. 22, 1976.

Robert E. Jordan, III, Mary E. Baluss, Steptoe & Johnson, Washington, D. C., for plaintiff.

Earl J. Silbert, U.S. Atty., Robert N. Ford, David R. Schlee, Asst. U.S. Attys., Washington, D. C., for defendant.

MEMORANDUM OPINION

WADDY, District Judge.

This is an action challenging the constitutionality of 38 U.S.C. § 3404(c)(2) which limits the fees payable to agents or attorneys representing veterans on claims for monetary benefits before the Veterans Administration (VA) to $10 for any one claim.

Relying on *Hines v. Lowrey*, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938), and *Hoffmaster v. Veterans Administration*, 444 F.2d 192 (3rd Cir. 1971), this Court granted defendant's motion for judgment on the pleadings and dismissed the action. The Court of Appeals vacated the dismissal and remanded, *sub nom., Staub v. Johnson*, 171 U.S.App.D.C. 162, 519 F.2d 298 (1975), for

reconsideration in the light of *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and cases which have followed in guaranteeing the right to be represented by retained counsel. It noted that a three-judge court in California had held that the limitation on attorneys fees was constitutional, *Gendron v. Saxbe*, 389 F.Supp. 1303 (C.D.Cal.1975), but concluded that that development was insufficient to deprive plaintiff of the opportunity for a full adjudication of the substantial issues raised by his complaint. After the remand of the instant case, the decision of the three-judge court in *Gendron* was summarily affirmed, *sub nom., Gendron v. Levi*, 423 U.S. 802, 96 S.Ct. 9, 46 L.Ed.2d 23 (1975) by the Supreme Court of the United States.[1] The case is currently before the Court on defendant's motion for summary judgment on remand.

Plaintiff, Emanuel Staub, is a veteran who served on active duty in the United States Marine Corps for approximately ten years. He suffers from medical conditions known as spondylolysis and spondylolythesis, characterized by chronic back pain and numbness of the legs, which he contends are the result of a World War II service incident in which he was partially buried by the explosion of a Japanese bomb.

The Veterans Administration is an agency of the United States Government charged with "administration of laws relating to the relief and other benefits provided by law for veterans, their dependents, and their beneficiaries." 38 U.S.C. § 201. Defendant Richard L. Roudebush is the Administrator of Veterans Affairs and is responsible for the execution and administration of all laws administered by the VA.

In 1968, plaintiff sought recovery of "service connected" disability benefits from defendant VA under 38 U.S.C. § 310.

In accordance with applicable VA regulations, plaintiff requested and was afforded the right to a hearing, to assistance at that hearing and to arrangements for the attendance of witnesses. His claim for benefits was denied on the grounds his disability was not "service connected". Plaintiff appealed this decision to the Board of Veterans Appeals where he was again given a full hearing. At both hearings he was assisted by VA-accredited representatives provided free-of-charge by the Jewish War Veterans organization. The Board affirmed the denial of benefits. That decision is final and not subject to judicial review. See 38 U.S.C. § 211.

Plaintiff seeks a declaratory judgment that 38 U.S.C. § 3404(c)(2) is unconstitutional because it (1) effectively denies him of his Fifth Amendment due process rights to consult with and be represented by legal counsel and frustrates his right to unimpeded meaningful access to the legal process, and (2) vitiates his First Amendment right to associate with legal counsel in pursuit of his rights under laws administered by the VA. Plaintiff further seeks an injunction ordering defendant to afford him a new hearing at which plaintiff individually may be represented by counsel consistent with the declaration he seeks.[2]

The Court of Appeals observed in the conclusory paragraph of the remand:

"The identical question was recently considered in *Gendron v. Saxbe*, 501 F.2d 1087 (9th Cir. 1974), where the court noted that *Margolin* [*Margolin v. United States*, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176] and *Hines* had not decided the question of the constitutional rights of veterans and concluded that the issues presented were not frivolous in light of *Goldberg*." *Staub v. Johnson, supra*, at 303.

---

**1.** The Court of Appeals decided the *Staub* appeal on September 15, 1975. Shortly thereafter, on October 6, 1975, the Supreme Court summarily affirmed *Gendron*.

**2.** At a status call held on November 30, 1976, the Court inquired of the parties whether it was necessary to convene a three-judge district

court to decide the merits of plaintiff's claims. The Court agrees with the parties that a three-judge court is not required since plaintiff seeks only a declaratory judgment combined with individual ancillary relief. *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

Plaintiff alleged in his complaint that he contacted seven lawyers in an attempt to obtain advice and representation in pursuing his claim but was unsuccessful. He alleged that "[t]he existence of the fee limitation is [*sic*] 38 U.S.C. § 3404(c)(2) was held out by some lawyers as a reason why representation by an attorney was a practical impossibility." Complaint ¶ 9.

38 U.S.C. § 3404(c) provides:

(c) The Administrator shall determine and pay fees to agents or attorneys recognized under this section in allowed claims for monetary benefits under laws administered by the Veterans' Administration. Such fees—

(1) shall be determined and paid as prescribed by the Administrator;

(2) shall not exceed $10 with respect to any one claim; and

(3) shall be deducted from monetary benefits claimed and allowed.

Defendant contends that the Court of Appeals remanded this case *solely*[3] in light of *Goldberg v. Kelly, supra,* and its stated due process requirements, and that plaintiff's Fifth Amendment challenge to the statute has been settled by the Supreme Court's summary affirmance of *Gendron v. Saxbe, supra.* Defendant further contends that since plaintiff has alleged no facts to establish his claim that his First Amendment rights are limited by the statute, summary judgment should be granted.

Plaintiff's position is that *Gendron* is not a controlling decision, and that this Court is required to follow the "law of the case". Plaintiff contends defendant has misstated the nature of the remand, and has filed a Supplemental Statement of Material Facts, supported by affidavits, going essentially to the issue of the alleged lack of adequate or meaningful assistance of representation at VA proceedings.

*Goldberg* held that due process requires that a welfare recipient be allowed a pre-termination of benefits evidentiary hearing at which the recipient must be allowed to retain an attorney if one is desired. In the remand, the Court of Appeals opinioned that:

"In light of *Goldberg* and the cases which have followed it in guaranteeing the right to be represented by retained counsel, we cannot conclude that the issues raised by appellant's complaint are insubstantial." *Staub v. Johnson, supra,* at 302.

In *Gendron,* a three-judge court on remand from the 9th Circuit[4] examined Section 3404 and concluded that the imposition of the $10 fee limitation on an agent or attorney for the preparation, presentation and prosecution of claims under laws administered by the VA did not violate the plaintiff's constitutional right to due process or to equal protection of the laws in the pursuit of his claim to service-related disability benefits. The *Gendron* analysis was undertaken because of *Goldberg v. Kelly, supra,* and its progeny. *Gendron v. Saxbe,* 501 F.2d 1087, 1089 (9th Cir., 1974).

■ Notwithstanding plaintiff's contentions to the contrary, the Court is of the opinion that the Supreme Court, in affirming *Gendron,* has settled the question of whether the statute challenged herein denies plaintiff his Fifth Amendment due process rights in the pursuit of his Section 310 claim to be service-connected benefits. *See, Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

Plaintiff, on appeal, also argued that the *Goldberg* line of cases "require that the assistance of counsel be meaningful [and that] [b]ecause the $10 limit on fees effectively precluded him from retaining counsel of his own choosing, it allegedly eliminated the only possibility for him to obtain meaningful assistance." *Staub v. Johnson, supra,* at 302. To plaintiff, then, the only meaningful assistance of counsel is counsel of his own choosing.

■ The facts alleged by plaintiff in his Supplemental Statement to be in genuine issue go to his due process claim. They are

---

**3.** Emphasis added.

**4.** 501 F.2d 1087 (9th Cir., 1974).

not material to, and even if taken to be true, do not establish a violation of his First Amendment right to free association and consultation with legal counsel.

Section 3404 does not preclude plaintiff from associating with counsel of his choice. If plaintiff's freedom of association has been limited in any way, it has been the result of the actions of those attorneys who have refused to represent him.

Moreover, the authorities upon which plaintiff has relied to support his First Amendment claim, both in the Court of Appeals [5] and in this Court in his Opposition to Defendant's Motion for Judgment on the Pleadings, are cases which struck down restrictions on the right to practice law and upheld collective action undertaken to secure legal representation. The Supreme Court summarized those cases in *United Transportation Union v. Michigan Bar*, 401 U.S. 576, 585–586, 91 S.Ct. 1076, 1082, 28 L.Ed.2d 339 (1971) as follows:

> "At issue is the basic right to group legal action, a right first asserted in this Court by an association of Negroes seeking the protection of freedoms guaranteed by the Constitution. The common thread running through our decisions in *NAACP v. Button* [371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405], *Trainmen* [*Brotherhood of Railroad Trainmen v. Virginia ex rel. Virginia State Bar*, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89], and *United Mine Workers* [*United Mine Workers of America, Dist. 12 v. Illinois State Bar Assn.*, 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426], is that collective activity undertaken to obtain meaningful access to the courts is a fundamental right within the protection of the First Amendment. However, that right would be a hollow promise if courts could deny associations of workers or others the means of enabling their members to meet the costs of legal representation."

Even assuming the Court of Appeals did not remand solely in light of *Goldberg* as plaintiff urges, this Court is persuaded, after a thorough examination and analysis of plaintiff's complaint and the entire record herein, and of the applicable law, that plaintiff has failed to demonstrate the existence of a genuine issue as to any material fact with respect to his First Amendment claim.

For the reasons set forth hereinabove, the Court concludes that plaintiff's First and Fifth Amendment rights have not been violated by 28 U.S.C. § 3404(c)(2). Inasmuch as there is no genuine issue as to any material fact, defendant is entitled to judgment as a matter of law. This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law.

5. *Staub v. Johnson, supra*, at 302, n. 10.