**Stephen H. DEMAREST,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 83–3649.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1983.

Decided Oct. 20, 1983.

---

William Rubidge, Asst. U.S. Atty., Tacoma, Wash., for defendant-appellee.

Stephen H. Demarest, pro se.

Before WRIGHT, SKOPIL, and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Demarest's challenge to the Veterans' Administration's (VA) handling of his disability claims was rejected by the district court. The issues here are whether the handling of his claims is judicially reviewable and whether the statutory limitation on attorneys' fees payable in VA disability cases is constitutional.

During a four-year tour with the United States Air Force, Demarest suffered two injuries: one to his left great toe and one to his back. After his honorable discharge, Demarest filed claims for disability compensation for those injuries.

The VA denied the claims. It found that the injuries were service connected, but not disabling to a compensable degree.

JURISDICTION

Demarest's challenge to the VA's handling of his claims was pleaded as a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80. The district court held that jurisdiction under the FTCA had not been established and granted summary judgment for the VA on that claim.

Demarest challenges the appropriateness of disposition by summary judgment when jurisdiction was lacking. It is true that dismissal is the appropriate disposition if subject matter jurisdiction is absent. *Capitol Industries-EMI, Inc. v. Bennett,* 681 F.2d 1107, 1118 (9th Cir.1982), *cert. denied,* 455 U.S. 943, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). The remedy is simple: an appellate court affirming the conclusion that jurisdiction is lacking should vacate the summary judgment and remand for entry of judgment of dismissal. *Id.*

Demarest concedes that he did not properly invoke jurisdiction under the FTCA. However, he contends that jurisdiction is conferred by other statutes. Dismissal for lack of jurisdiction is not warranted to the extent that the complaint pleads facts from which federal jurisdiction clearly may be inferred. *Andrus v. Charlestone Stone Products Co.,* 436 U.S. 604, 607–8 n. 6, 98 S.Ct. 2002, 2004–2005 n. 6, 56 L.Ed.2d 570 (1978); *see Mir v. Fosburg,* 646 F.2d 342, 346–47 (9th Cir.1980); *Harary v. Blumenthal,* 555 F.2d 1113, 1115 n. 1 (2d Cir.1977).

The district court had no jurisdiction to consider Demarest's challenge to the handling of his claims. Title 38 of the United States Code, section 211(a), provides

that all decisions of the VA concerning veterans' benefits are final; no federal court will have jurisdiction to review them. 38 U.S.C. § 211(a). Section 211 has been construed as a prohibition on judicial review of the VA's administration of veterans' benefits statutes, interpreting or applying provisions of the statutes in the context of a given set of facts. *Johnson v. Robison,* 415 U.S. 361, 367, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974). Demarest's challenge to the VA's handling of his claims clearly falls within this prohibition, as he seeks review of the VA's treatment of his individual claims.

■ Demarest's contention that the Administrative Procedure Act confers jurisdiction is clearly without merit. That Act has no jurisdictional effect. *Califano v. Sanders,* 430 U.S. 99, 104–07, 97 S.Ct. 980, 983–985, 51 L.Ed.2d 192 (1977). We have considered his other arguments that judicial review is necessary, but find nothing to overcome the plain language of section 211. His contention that the VA's actions were arbitrary and capricious does not change the essential nature of the action as a challenge to the VA's administration of an individual claim. *See Devine v. Cleland,* 616 F.2d 1080, 1084 (9th Cir.1980); *Moore v. Johnson,* 582 F.2d 1228, 1232 (9th Cir.1978).

■ However, section 211 does not bar constitutional challenges to the veterans' benefits laws. *Johnson v. Robison,* 415 U.S. at 366–74, 94 S.Ct. at 1165–1169. It presents no jurisdictional bar to the consideration of Demarest's challenge to the statutory attorneys' fee limitation.

The VA alleges that the attorneys' fee limitation challenge also was rejected for lack of jurisdiction. The district court's order provided in part:

(a) Plaintiff has not complied with the Federal Tort Claim Act requirements of 28 U.S.C.A. Section 2675. Accordingly, this court lacks jurisdiction to proceed on these claims.

(b) Plaintiff's claim that the restrictions of 38 U.S.C.A. Section 3404 violates [*sic*] his due process and equal protection rights (to pursue his service connected disability claims under 38 U.S.C.A. Section 3401) are without merit. *Gendron v. Saxbe,* 389 F.Supp. 1303 (C.D.Cal.1975); *aff'd sub nom Gendron v. Levi,* 423 U.S. 802 [96 S.Ct. 9, 46 L.Ed.2d 23] (1975).

The order rejects the fee challenge on the merits.

■ The VA argues that the fee challenge cannot be reviewed pursuant to federal question jurisdiction, 28 U.S.C. § 1331, because it presents no substantial federal question. A federal question is jurisdictionally insubstantial if it is patently without merit, or so insubstantial, improbable, or foreclosed by Supreme Court precedent as not to involve a federal controversy. *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–2629, 57 L.Ed.2d 595 (1978). Demarest's fee challenge is not so completely devoid of merit that it presents no substantial federal question, as our discussion of the merits of that challenge will demonstrate. *See Gendron v. Saxbe,* 501 F.2d 1087 (9th Cir.1974).

## ATTORNEYS' FEE LIMITATION

■ Title 38 of the United States Code, section 3404(c), limits to ten dollars ($10) per claim the amount of attorneys' fees payable by a veteran for representation before the VA on a disability claim. Section 3405 provides criminal penalties for violation of the attorneys' fee limitation. 38 U.S.C. § 3405. Demarest contends that these provisions violate his right to procedural due process in the consideration of his disability claims before the VA. *See* U.S. Const. amend. V.

The Supreme Court's summary affirmance in *Gendron v. Levi,* 423 U.S. 802, 96 S.Ct. 9, 46 L.Ed.2d 23 (1975), *aff'g sub nom. Gendron v. Saxbe,* 389 F.Supp. 1303 (C.D. Cal.1975), is controlling. Gendron alleged that the ten dollar fee limitation violated his right to both procedural due process and equal protection. The district court there applied the procedural due process test set out in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970): is the

interest a constitutionally protected property or liberty interest and, if so, does the recipient's interest in avoiding loss outweigh the government interest in retaining the challenged procedure? *Id.* at 262–63, 90 S.Ct. at 1017–1018. It concluded that Gendron had no property interest in an unproven disability claim. 389 F.Supp. at 1306.

However, the court went on to hold that the procedures provided by Congress for the administration of disability claims, including the limitation on attorneys' fees, satisfied the requirements of procedural due process. *Id.* at 1306–08. The Supreme Court summarily affirmed the decision. *Gendron v. Levi,* 423 U.S. 802, 96 S.Ct. 9, 46 L.Ed.2d 23 (1975).

Demarest contends that this case is distinguishable factually from *Gendron,* and that the summary affirmance in that case did not resolve the procedural due process challenge presented here. We disagree.

The factual differences noted have no legal significance. The length of military service and character of discharge are irrelevant to entitlement, because Gendron and Demarest both served and neither was discharged dishonorably. *See* 38 U.S.C. § 331. The alleged lateness of Gendron's claim is irrelevant because no statute of limitation applies. It also is irrelevant that the dispute here concerns the existence of disability while the dispute in *Gendron* apparently concerned service connection. Both elements are necessary to establish eligibility for benefits. *Id.*

The summary affirmance in *Gendron* will dispose of Demarest's challenge only if "the precise issue[ ] [was] presented and necessarily decided" in that case. *Mandel v. Bradley,* 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977). The precedential significance of that summary affirmance is to be evaluated "in the light of all of the facts in that case." *Id.* at 177, 97 S.Ct. at 2241.

The procedural due process challenge made by Demarest also was presented by *Gendron.* The Supreme Court's affirmance of the district court's rejection of Gendron's

challenge necessarily must represent one of two conclusions.

First, the Court may have concluded that Gendron did not have a constitutionally protectible property interest in the disability benefits sought. Second, the Court may have concluded that a property interest existed, but the fee limitation did not violate the veteran's right to procedural due process.

Under either theory, we must reject Demarest's challenge. He has established no greater entitlement than did Gendron because the existence of disability is as necessary to eligibility as the service connection of a disability. 38 U.S.C. § 331. Whether the Court concluded that no constitutionally protected property interest existed or that the limitation does not violate procedural process, its summary affirmance controls this case.

Demarest contends that the Fourth Circuit has discounted the precedential value of *Gendron* in *Adams v. Harris,* 643 F.2d 995 (4th Cir.1981). However, the issue in that case was whether applicants for Social Security benefits have a constitutionally protectible property interest. *Id.* at 1001. The Fourth Circuit concluded that the Supreme Court's affirmance was not necessarily approval of the *Gendron* district court's analysis of that issue. *Id.* at 1001 n. 4. We agree. That does not change our conclusion that whichever of the two possible theories the Court in *Gendron* approved, the affirmance in that case compels rejection of the fee limitation challenge here.

■ The VA's discussion of the effect of *Gendron* places great reliance on a decision of the Circuit Court of the District of Columbia. The VA notes that the decision was unpublished. It does not mention that the District of Columbia Circuit Rules prohibit citation of unpublished memoranda as precedent. That rule is noted on the page preceding the published reference to the case the VA cites, and that case is specifically listed as such a nonprecedential memorandum. *See* 574 F.2d at 636–37. We have ignored the portion of the VA's brief involved. We remind government counsel

that such references are inappropriate. *See also* 9th Cir. R. 21(c).

## ORAL ARGUMENT ON SUMMARY JUDGMENT

Demarest contends that the district court erred in granting summary judgment without permitting oral argument. *See Dredge Corp. v. Penny,* 338 F.2d 456 (9th Cir.1964). Because Demarest did not request oral argument until after the motion was granted, and the local rules permitted him to do so before the motion was granted, his argument is without merit. *See id.* at 461–62.

That portion of the district court's summary judgment disposing of Demarest's challenge to the VA's handling of his disability claims is vacated and remanded for entry of judgment of dismissal for lack of jurisdiction. The remainder of the judgment is affirmed.