NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY A. DEWITT, | No. 16-16162 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05261-WHA |
| v. | |
| CALIFORNIA CITIZENS REDISTRICTING COMMISSION and ALEX PADILLA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 13, 2017**
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,*** District
Judge.

Plaintiff-appellant Timothy DeWitt, proceeding pro se, appeals the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

court's order dismissing his second amended complaint without convening a three-judge court which, he asserts, was required under 28 U.S.C. § 2284.[1]

Section 2284(a) provides: "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Section 2284(b)(1) provides that "[u]pon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges" to serve as members of the three-judge court. DeWitt asserts that his second amended complaint challenges the constitutionality of California's apportionment of congressional districts, and therefore the district court was required to notify the chief judge of the circuit to convene a three-judge court.

In *Shapiro v. McManus*, the Supreme Court explained that the portion of § 2284 that reads, "unless he determines that three judges are not required," does not grant district court judges discretion to ignore § 2284(a). 136 S. Ct. 450, 455 (2015). However, the Supreme Court went on to explain that if the claim is

_____

[1] The district court previously dismissed DeWitt's original complaint *sua sponte,* but DeWitt does not challenge this on appeal. DeWitt's only claim on appeal is that the district court improperly dismissed his second amended complaint without first convening a three-judge court.

"wholly insubstantial," the district court is not required to take the steps to convene a three-judge court under § 2284(b). *Id.* at 456.

In his second amended complaint, DeWitt asserts that California's districting plans are unconstitutional because they are based on total population rather than actual voter population. However, the Supreme Court has held that "jurisdictions [may] measure equalization by the total population of state and local legislative districts." *Evenwel v. Abbott*, 136 S.Ct. 1120, 1126–27 (2016). Because Supreme Court precedent expressly forecloses DeWitt's claim, his claim qualifies as "wholly insubstantial," *see Demarest v. United States*, 718 F.2d 964, 966 (9th Cir.1983), and the district court properly dismissed it without notifying the chief judge of the circuit.

**AFFIRMED.**