**Drago GOSTOVICH, Plaintiff,**

v.

**A. VALORE, Adjudication Officer, Veterans Administration, Pittsburgh, Pennsylvania.**

Civ. A. No. 15617.

United States District Court
W. D. Pennsylvania.

July 31, 1957.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This matter first was heard by a three-judge court and an order was entered on June 25, 1957, dismissing the complaint as it appeared that no substantial constitutional question was involved. The case, however, was remanded to me for disposition upon any nonconstitutional issues.

The plaintiff is represented by Hymen Schlesinger, Esq., a member of this bar. According to the complaint, he has a claim which he desires to prosecute before the Veterans Administration. Plaintiff and Mr. Schlesinger have agreed on a contingent fee of 40% of any recovery, payable to Mr. Schlesinger from the proceeds which may be awarded plaintiff. It is stated that the rather large contingent fee was agreed upon because the claim had been rejected three times by the Veterans Administration. The arrangement as to fees and representation by Mr. Schlesinger is, of course, in conflict with 38 U.S.C.A. § 102, which limits fees to attorneys practicing before the Veterans Administration to amounts not exceeding $10. Plaintiff's contention is that such limitation deprives him of any representation by a member of the bar. His contention simply is that a $10 lawyer is no lawyer.

The issue as to the constitutionality of the section having been adversely decided to plaintiff by the three-judge court, plaintiff raises before me the issue that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., particularly § 1005(a), which provides that "any person * * * shall be accorded the right to be accompanied, represented, and advised by counsel * * *" etc., passed by Congress in 1946, supersedes

38 U.S.C.A. § 102 et seq., which became effective in 1936.

Defendant has moved to dismiss. The motion will be granted, because on the face of the complaint, plaintiff has shown no right to relief in this court. This means, of course, that the allegations of the complaint are taken as true and correct. The long history of the legislation by Congress with regard to claims against the government by war veterans shows that Section 102 of the Act in question is but a revision or re-enactment of prior legislation. Such legislation has been repeatedly held constitutional and valid by the Supreme Court. See Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843; Hines v. Lowrey, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56, and numerous other decisions.

 Plaintiff suggests that the Administrative Procedure Act repeals Section 102. His argument is that the Administrative Procedure Act provides that a person may be represented by counsel of his choice. Plaintiff says to restrict a litigant to a counsel fee of $10 as compensation for his attorney, amounts to depriving him of counsel. The answer to the argument is that if true, Congress still may regulate the charges to be made by attorneys practicing before the Veterans Administration.

This court holds that the Administrative Procedure Act of June 11, 1946, 5 U.S.C.A. § 1001 et seq., did not repeal the provisions of Title 38 U.S.C.A. § 101 et seq., relating to the presentation of claims before the Veterans Administration. The principle is expressed in Petri v. F. E. Creelman Lumber Co., 199 U.S. 487, at page 497, 26 S.Ct. 133, at page 136, 50 L.Ed. 281, where the court says:

> "It is elementary that repeals by implication are not favored, and that a repeal will not be implied unless there be an irreconcilable conflict between the two statutes. And especially does this rule apply where the prior law is a special act relating to a particular case or subject, and the subsequent law is general in its operation."

The decision reached in the instant case is in accordance with the ruling of the Court of Appeals for this circuit on an issue relating to whether the Administrative Procedure Act repealed another act of Congress. See Securities and Exchange Commission v. Morgan, Lewis & Bockius, 3 Cir., 209 F.2d 44.

### Order.

And now, this 31st day of July, 1957, for the reasons stated in the foregoing Memorandum, it is ordered and directed that the complaint be, and the same hereby is, dismissed, with costs.