**Drago GOSTOVICH, Appellant,**

v.

**A. VALORE, Adjudication Officer, Veterans Administration, Pittsburgh, Pennsylvania.**

**No. 12361.**

United States Court of Appeals Third Circuit.

Argued June 6, 1958

Decided July 8, 1958.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Herbert E. Morris, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., Samuel D. Slade, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from the denial of an injunction sought in the District Court for the Western District of Pennsylvania. The appellant is a World War I veteran and has been denied claimed compensation in connection with his army service. To process the appeal therefrom he requested the aid of Hymen Schlesinger, Esquire, of the Bar of Allegheny County, Pennsylvania. On failing to secure the Veterans Administration's approval of a 40% contingent fee arrangement, his lawyer obtained a three-judge court upon the allegation that the enforcement of the statutory limitation of $10.00 for compensation to an attorney handling a veteran's claim denied the client the right to counsel and, therefore, was unconstitutional. The three-judge court dismissed the petition on the ground that no substantial constitutional question was presented. It then remanded the case to the district judge for further proceedings on nonconstitutional issues. The denial by the three-judge court was made the subject of an appeal to the Supreme Court. This was dismissed on March 3, 1958, 355 U.S. 608, 78 S.Ct. 546, 2 L.Ed. 2d 525. The remanded case was decided against the appellant by the district judge and this appeal followed.

While the appellant has argued and the respondent replied to the argument on the question of the constitutionality of the $10.00 limitation, we think that this Court has neither authority nor responsibility to consider that issue. It was brought up before a three-judge court pursuant to 28 U.S.C. §§ 2282 and 2284 and appeal as of right was taken to the Supreme Court following adverse decision. We think the Supreme Court's dismissal settles the matter.[1]

On the nonconstitutional point, appellant urges that the Administrative Procedure Act, 5 U.S.C.A. § 1001–11, in its provision for representation of persons by counsel, id. § 1005(a), removes the limitation of the $10.00 fee as provided in the veterans' legislation.

This argument is wrong for two reasons. The first is the one pointed out by this Court in Securities and Exchange Commission v. Morgan, Lewis & Bockius, 3 Cir., 1953, 209 F.2d 44, 49, that section 12 of the Administrative Procedure Act, 5 U.S.C.A. § 1011, expressly provides that: "Nothing in this Act shall be held * * * to limit or repeal additional requirements imposed by statute or otherwise recognized by law." This point was emphasized by Judge Willson in his dis-

---

1. See the discussion of this problem in Hart & Wechsler, The Federal Courts and The Federal System 853 (1953).

trict court opinion, D.C.W.D.Pa.1957, 153 F.Supp. 821.

The second reason for the incorrectness of the appellant's position is that the provision attacked has been reenacted by Congress at a time later than the passage of the Administrative Procedure Act. As a result of the Veterans' Benefits Act of 1957, which became effective January 1, 1958, 38 U.S.C.A. § 102 is now 38 U.S.C.A. § 3604. The purpose of this reenactment was, in the words of the House report, "To consolidate into one act, and to simplify and make more uniform the laws on these subjects [veterans benefits]." See 2 U.S.Code Cong. & Ad. News P. 1214 (1957) (H.R.Rep. No. 279, 85th Cong., 1st Sess.).

The judgment of the district court will be affirmed.

Bazelon, Circuit Judge, dissented.