**Dionisia Manimtim vda de GUZMAN, Plaintiff,**

**v.**

**John S. GLEASON, Jr., Administrator of Veterans' Affairs, Defendant.**

**Civ. A. No. 2459-62.**

United States District Court
District of Columbia.

Oct. 7, 1964.

Harold J. Nussbaum, Mary M. Connelly, Washington, D. C., for plaintiff.

David V. Seaman, Dept. of Justice, for defendant.

LEONARD P. WALSH, District Judge.

This is an action for a mandatory injunction against the Administrator of Veterans Affairs to recover benefits under Title 38 U.S.C.A. § 321. The action is brought by the widow of a former Philippine Scout in the United States Army. The facts were stipulated by the parties and the case was submitted after argument.

The facts, as stipulated, reveal that the deceased, Feliciano de Guzman, entered active duty with the United States Armed Forces on July 8, 1946. He died in service on August 17, 1950. Thereafter, the plaintiff was awarded death compensation benefits commencing on August 18, 1950. On December 7, 1954, the benefits were suspended as a result of a letter, signed by three relatives of the deceased, which stated that the plaintiff and one Palabiano Ortilla "had been living together for a long time." A field investigation conducted by the Veterans Administration confirmed the information contained in the letter. On March 14, 1956, the Acting General Counsel rendered an opinion holding that the plaintiff was shown by the evidence to have been living as the wife of Ortilla, had generally acquired a reputation as such in the community, and accordingly, she could no longer be recognized as the unremarried widow of the deceased.

An administrative appeal was taken to the Board of Veterans Appeals, which rendered an opinion on August 30, 1956, denying the appeal. Plaintiff was so informed by letter dated September 19, 1956, said letter constituting a final administrative denial of the claim.

On February 5, 1957, plaintiff wrote a letter to the Veterans Administration enclosing five affidavits to the effect that plaintiff had never lived with any man since the death of her husband, Guzman. Three of the affidavits were executed by the original informants which precipitated the cessation of benefits to plaintiff. The Veterans Administration informed the plaintiff that this information did not warrant any change in the prior determination.

Subsequently, on August 3, 1962, plaintiff filed suit for death compensation benefits, alleging that she is entitled to the benefits as she has not remarried since the death of her husband. The original complaint named the United States of America as defendant. The complaint was amended on October 19, 1962, naming the Administrator of Veterans Affairs as the defendant.

■ The Court takes judicial notice that common law marriages are not recognized in the Republic of the Philippines.

■ The Court, after a review of the entire record, and the arguments and briefs of counsel, is of the opinion that 38 U.S.C.A. § 211(a), the so-called "finality statute", is controlling, and that the court has no jurisdiction to review the decision of the Administration. The pertinent provision of the statute reads:

> " * * * the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

In Sinlao v. United States of America, 106 U.S.App.D.C. 263, 271 F.2d 846 (1959), the facts were similar to those of the instant case. There the Administrator had allowed the claim shortly after the death of Mrs. Sinlao's husband, but

later terminated the payments "on the theory that because appellant had lived with a man, and had represented herself as his wife, she was 'estopped to deny remarriage'." The case was dismissed, and the Court of Appeals affirmed and stated "the District Court rightly held it had no jurisdiction in respect to the compensation claim."

In the more recent case of Milliken v. Gleason, 332 F.2d 122 (1964), the Court of Appeals for the First Circuit affirmed the action of the lower court in dismissing the action on the ground that the court had no jurisdiction to review the decision of the Administrator.

Accordingly, judgment will be entered for the defendant.

The facts in this case having been stipulated by the parties, and the applicable law being stated above, the Court considers that findings of fact and conclusions of law are unnecessary.

Counsel for defendant will prepare an appropriate order.