**Kenneth F. HOFFMASTER**

v.

**VETERANS' ADMINISTRATION.**

**Civ. A. No. 69–2602.**

United States District Court,
E. D. Pennsylvania.

June 19, 1970.

Kenneth F. Hoffmaster, pro se.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

The present case is before the Court on plaintiff's "motion for injunction" and defendant's motion to dismiss, as amended.

Plaintiff, Kenneth F. Hoffmaster, is a 42 year old veteran whose disability claim before the Veterans' Administration gives rise to the subject matter of the instant litigation. Plaintiff instituted the claim now under consideration in April, 1968, and subsequently the Veterans' Administration allowed his claim in part and disallowed it in part. Plaintiff appealed this decision, to the extent it disallowed his claim, and as a result had a hearing on July 7, 1969 before the Local Board. After the hearing and argument, the plaintiff was permitted to supplement the record with certain additional documents. The Local Board then reviewed the evidence and on October 1, 1969 upheld the prior decision on plaintiff's claim. The matter was then certified to the Board of Veterans Appeals and a hearing was set for January 19, 1970.

Prior to the date set for the hearing, plaintiff, on November 3, 1969, filed the present suit in this Court, seeking both an injunction and money damages. The Veterans' Administration agreed, at the request of the Court, to postpone further consideration of plaintiff's claim

until this Court had an opportunity to decide the questions raised by plaintiff's suit here.

Oral argument has been held and memoranda have been submitted. As the Court understands plaintiff's position from the complaint, oral argument and memorandum submitted by him, he raises two basic contentions:

1. That 38 U.S.C.A. § 3404(c), which limits to $10.00 the amount which may be paid to an attorney (or other agent) who prosecutes a claim on behalf of a veteran before the Veterans' Administration, is unconstitutional, because it makes it impossible for the veteran to find proper legal counsel and thereby denies the veteran his right to free speech.

2. That a veteran in plaintiff's position has a right to have his claims heard in court before a judge and jury because the Veterans' Administration is allegedly prejudiced against such veterans as a result of its desire to minimize compensation and because of its failure to permit introduction of certain letters into the transcript at plaintiff's hearing.[1]

The Court considers these contentions in turn.

■ Title 38 U.S.C.A. § 3401 et seq. is merely a reenactment or revision of prior legislation with respect to claims against the Government by war veterans. See Gostovich v. Valore, 153 F.Supp. 826, 827 (W.D. Pa. 1957), aff'd 257 F.2d 144 (3rd Cir. 1958), cert. denied, 359 U.

S. 916, 79 S.Ct. 592, 3 L.Ed.2d 277 (1959). The purpose of 38 U.S.C.A. § 3404(c) and similar prior provisions has been in part to protect just claimants from improvident bargains and in part to prevent the stirring up of unjust claims against the Government. Calhoun v. Massie, 253 U.S. 170, 173–174, 40 S.Ct. 474, 64 L.Ed. 843 (1919). Provisions corresponding to 38 U.S.C.A. § 3404(c) in prior legislation limiting the amount which may be paid to an attorney who prosecutes a claim against the Government on behalf of a veteran have been repeatedly and consistently held constitutional. Hines v. Lowrey, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938); Margolin v. United States, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925); Calhoun v. Massie, *supra*; Gostovich v. Valore, Order entered June 25, 1957 (W.D. Pa.) (three-judge court), appeal dismissed, 355 U.S. 608, 78 S.Ct. 546, 2 L. Ed.2d 525 (1958); see Gostovich v. Valore, D.C., 153 F.Supp. 826, aff'd 257 F.2d 144 (3rd Cir. 1958), cert. denied, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959).[2] In fact the District Court in *Gostovich* pointed out that the three-judge court which had considered the constitutionality of the fee limitation provision dismissed the complaint on the ground that it raised no substantial constitutional question. Gostovich v. Valore, 153 F.Supp. at 826. The Pennsylvania Supreme Court has subsequently applied the views taken in *Gostovich* to the precise provision now under consideration in the instant case and ruled that provision constitutional. In re Des-

1. It is not entirely clear from the record whether the papers referred to earlier with which plaintiff was permitted to supplement the hearing record included those with which plaintiff's contention here is concerned. It appears from their description in plaintiff's complaint and in defendant's brief that they may well have been so included. In any event, as will be evident below, this question is not material in the view the Court takes of this case.

2. A word of explanation may be necessary on the procedural history of the *Gostovich*

case. The matter was heard initially by a three-judge court which entered an order dismissing the complaint on the ground that no substantial constitutional question was involved. However the case was remanded to the district court for the disposition of any nonconstitutional issues, and that court considered and rejected plaintiff's claim that the Administrative Procedure Act implicitly repealed the fee limitation provision under consideration. Gostovich v. Valore, 153 F.Supp. 826 (W.D.Pa.1957), aff'd 257 F.2d 144 (3rd Cir. 1958), cert. denied, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959).

camp Estate, 405 Pa. 331, 175 A.2d 827 (1961).

In light of all of the above authorities, the Court believes that there can be no question as to the constitutionality of the fee limitation provision and therefore agrees with defendant that the portion of plaintiff's complaint with respect to this provision fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b) (6). It is therefore unnecessary to consider the other grounds for dismissal raised by defendant with respect to this claim.

Plaintiff next contends that the alleged desire of the Veterans' Administration to minimize claims and/or the failure of the Local Board to permit the introduction of certain letters into the transcript at plaintiff's hearing entitle him to a trial in court at this time. However, Section 211(a) of Title 38 provides:

"Except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

The instant case does not come within any of the specified exceptions. It has been held repeatedly that under such circumstances, the Court has no jurisdiction to review decisions of the Administrator. Milliken v. Gleason, 332 F.2d 122 (1st Cir. 1964); Guzman v. Gleason, 234 F.Supp. 145 (D.D.C. 1964); Steinmasel v. United States, 202 F.Supp. 335 (D.S.D. 1962). Indeed, the Court has no jurisdiction even where the decision of the Administrator is arbitrary and capricious. Hahn v. Gray, 92 U.S.App. D.C. 188, 203 F.2d 625 (1953); Steinmasel v. United States, *supra*. Consequently, the Court agrees with defendant that this claim must be dismissed for lack of jurisdiction. The Court therefore does not reach the other grounds suggested by defendant for dismissal of this claim.

For the above-stated reasons, defendant's motion to dismiss must be granted and plaintiff's motion for an injunction must be denied.