UNITED STATES of America ex rel.
James E. HESTER

v.

VETERANS ADMINISTRATION
CENTER et al.

Civ. A. No. 70-263.

United States District Court,
E. D. Pennsylvania.

Aug. 27, 1971.

James E. Hester, pro se.

Louis C. Bechtle, U. S. Atty., Victor L. Schwartz, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiff, who is currently pursuing administrative remedies within the Veterans Administration (hereinafter V. A.), brings this suit under the general mandamus provisions of the Judicial Code, 28 U.S.C. § 1361. His suit is for the following items:

"1. Intire (sic) army medical records, beginning of October 13, 1944 to May 25, 1945.

2. Intire (sic) rating sheets of 1945, & of 1969, decisions denying disability.

3. All documents and papers pertaining to petitioner Army history.

4. A complete physical and medical examination by the VA 'physicians pathology.'

5. That petitioner be present at all hearings and precedings (sic), and receive copies thereof."

Defendant has now moved for summary judgment under Fed.R.Civ.P. 56.

Plaintiff alleges that he received disabling injuries while in the Armed Services in 1944. He asserts that the V.A. Rating Board decided, both in 1944 and again in 1968, that these injuries were congenital and not service-connected. This decision disqualified plaintiff for benefits under 38 U.S.C. §§ 301–421 ("Compensation for Service-Connected Disability or Death"). It seems that in 1969 and again in 1971 the Rating Board further concluded that plaintiff was not permanently prevented from engaging in substantially gainful employment, and thus did not qualify under 38 U.S.C. § 521 et seq. for a non-service connected disability. Both issues are now on appeal to the Veterans Board of Appeals.

■ We do not review the decisions that plaintiff's injuries were not service-connected and were not permanently disabling. Firstly, we do not construe the complaint as seeking such review. Secondly, even were we to so construe the complaint, it appears that 38 U.S.C. § 211(a) [1] (Supp.1970) would nonetheless preclude review.[2]

■ It is also unnecessary for us to determine if plaintiff is legally entitled to a medical examination from the V.A.: such an examination was carried out on October 30, 1970, and this issue is therefore moot.[3]

■ This case therefore seems to resolve itself into the question of whether mandamus will lie to compel defendants (1) to supply plaintiff with certain Army and V.A. documents and (2) to produce plaintiff at all V.A. proceedings and to give him transcripts thereof. As to the documents, this court concluded in an earlier lawsuit between these parties that disclosure of such documents was a discretionary act for which mandamus would not lie. Hester v. Melidosian, 261 F.Supp. 659 (E.D.Pa.1966). Accordingly, this part of the suit is disposed of under the doctrine of *res judicata*.

■ According to the allegations of the complaint, the only V.A. proceeding that is forthcoming is the Appeal Board review of the case. According to Mr. Meyer's affidavit, Mr. Hester will be welcome to appear personally at the upcoming hearing in this matter, and should Mr. Hester be present, he will be afforded a transcript of that hearing. Consequently, the issue in this case is narrowed to whether the statute imposes on the defendants a "positive command * * * free from doubt" [4] to *insure* plaintiff's presence at the Appeal Board hearing [5] or to afford him a transcript even though he is not present at the proceeding. No such positive commands exist in the statute.

We therefore conclude that defendant's motion for summary judgment must be granted.

1. "Except as provided * * *, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

2. Since this is so, we need not consider the effect a failure to exhaust administrative remedies has on the availability of judicial review. *See generally* Davis v. Secretary, Dept. of Health, Education & Welfare, 262 F.Supp. 124, 126 (D. Maryland), aff'd, 386 F.2d 429 (1967).

3. Though this is so, we note that the Veterans Administration may yet permit a further re-examination. See affidavit of Kenneth M. Meyer.

4. United States v. Walker, 409 F.2d 477 (C.A.9, 1969).

5. It appears that plaintiff is at present incarcerated.