**Mutee EL–AMIN (Wickliffe, L.), Plaintiff,**

v.

**U.S. VETERANS ADMINISTRATION, et al., Defendants.**

**No. S90–382.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 22, 1991.

Mutee El-amin, pro se.

Lawrence N. Ferlicca, Office of Atty. Gen., Indianapolis, Ind., Clifford D. Johnson, U.S. Atty., South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Plaintiff Mutee El-amin, proceeding *pro se*, filed this complaint as a *Bivens* action [1] and under the Federal Tort Claims Act (the "FTCA"), as well as numerous other federal statutes. He sues defendants U.S. Veterans Administration (the "V.A.") and adjudication officer Fred Rathgeber (jointly the "government"), and state defendant Dr. McClure, alleging violations of his Fifth Amendment rights when they denied his claim for service-connected disability compensation for post-traumatic stress disorder ("PTSD") from his service in Vietnam. The government filed a motion to dismiss pursuant to 12(b)(1) and 12(b)(6), to which Mr. El-amin responded. For the reasons that follow, the court dismisses the claims against the government for lack of subject matter jurisdiction.

### I.

The defendants assert that the court lacks subject matter jurisdiction for several reasons, as described below. They submitted Dr. McClure's report, defendant Rathgeber's affidavit and his letter to Mr. El-amin denying his claim, the V.A. rating decision, another letter from defendant Rathgeber about Mr. El-amin's "Notice of Disagreement," the V.A. "Statement of the Case," the affidavit of Wilson L. Tow, district counsel for the V.A. regional office in Indianapolis and a copy of a letter from Mr. El-amin dated May 18, 1990, purporting to be "a formal complaint and a notice of right to Exhaust NOW Administrative Remedy, in tort claims...."

Mr. El-amin submitted a response in opposition to the federal defendants' motion to dismiss, taking issue with the ten affirmative defenses asserted in their answer, providing the same "statement of facts (factum)" as affixed to his complaint, and restating his prayer for relief.

### II.

The court must resolve jurisdictional issues before addressing the merits of the case. *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987); *Crawford v. U.S.*, 796 F.2d 924, 928 (7th Cir.1986). It is proper for the court to consider supporting affidavits or other documents when reviewing a jurisdictional question under Rule 12(b)(1), Fed.R.Civ.P. *Crawford*, 796 F.2d at 928. The burden of proving the jurisdictional allegations is on the party asserting jurisdiction. *Midwest Knitting Mills, Inc. v. U.S.*, 741 F.Supp. 1345, 1348 (E.D.Wis. 1990).

■ Based upon a review of the evidence submitted, the court finds that it lacks subject matter jurisdiction in this case. Mr. El-amin seeks review of the denial of his benefits by the V.A. 38 U.S.C. § 211(a) provides:

> The Administrator shall decide all questions of law and fact necessary to a decision by the Administrator under a law that affects the provision of benefits by the Administrator to veterans ... the decision of the Administrator as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court.

This section deprives the federal court of the power to alter V.A. decisions regarding disability ratings and entitlement to benefits. *Winslow*, 815 F.2d at 1117. Although this provision does not divest the court of jurisdiction for due process claims under the Fifth Amendment, *see Marozsan v. U.S.*, 852 F.2d 1469 (7th Cir.1988), a monetary claim such as Mr. El-amin's would still be precluded under § 211(a).

■ The court also lacks jurisdiction because the doctrine of sovereign immunity bars suits against federal agencies and federal officers seeking monetary damages for alleged constitutional torts. *Clemente*

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

*v. United States*, 766 F.2d 1358 (9th Cir. 1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 881, 88 L.Ed.2d 917 (1986). In addition, the court has no jurisdiction to hear Mr. El-amin's claim under the FTCA. 28 U.S.C. § 2675 requires that before presenting a claim under the FTCA, the claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." These requirements are jurisdictional. *Best Bearings Co. v. United States*, 463 F.2d 1177 (7th Cir.1972). Mr. Tow's affidavit establishes that the V.A. has not issued a denial of his claim, as required by the statute.

### III.

Mr. El-amin has failed to meet his burden of proof to establish jurisdiction. For the foregoing reasons, the court GRANTS the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P.

On December 20, 1990, the court notified the parties that it was converting defendant McClure's motion to dismiss to a motion for summary judgment, affording both parties the opportunity to supplement their briefs and submit evidence in support of or in opposition to the summary judgment motion. On January 11, 1991, the court granted defendant McClure up to and including March 12, 1991 to comply with that order. Mr. El-amin shall have up to and including April 1, 1991 to respond. Defendant McClure shall have up to and including April 11, 1991 to file a reply, if any.

This cause is now DISMISSED WITH PREJUDICE as to defendants U.S. Veteran's Administration and Fred Rathgeber.

IT IS SO ORDERED.