**Edward HUNT, Plaintiff,**

v.

**UNITED STATES AIR FORCE, et al., Defendants.**

**No. 93–CV–4629.**

United States District Court, E.D. Pennsylvania.

March 28, 1994.

Edward Hunt, Bristol, PA, for plaintiff.

Bernadette A. McKeon, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This action involves a *pro se* plaintiff who has sued the United States Air Force and various other federal agencies because he was "raped of [his] civil rights by the system." Defendants now seek dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is uncontested.[1] For the reasons set forth more fully below, defendants' motion will be granted.

### I. Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method in which to challenge the legal sufficiency of a claim. *See United States v. Marisol, Inc.*, 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate*

Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Hough/ Loew Assoc., Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ramson v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988). However, a court must construe *pro se* complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys. *Blassingale v. Administration at Suburban Gen. Hosp.*, No. CIV. A. 93–2601, 1993 WL 451491, at 1 (E.D.Pa. Nov. 3, 1993) (citations omitted); *Orrs v. Comings*, No. CIV. A. 92–6442, 1993 WL 418361 at 1 (E.D.Pa. Oct. 13, 1993) (citations omitted).

### II. Discussion

Plaintiff's complaint consists of various "infractions" committed by certain individuals within various federal agencies, along with numerous exhibits attached to his complaint. The majority of these exhibits appear to be medical records, letters, as well as records of claims filed by plaintiff while he was employed at the Philadelphia Naval Shipyard. The complaint, which is virtually unintelligible, does not set forth any individual counts, nor does it seek any type of relief other than to demand a jury trial. However, keeping in mind that we are to construe *pro se* complaints liberally, we will address plaintiff's allegations to the extent that it is possible.

### A. Veterans Benefits

Plaintiff alleges that he was denied 100 percent disability pay with proof of his military health record. To the extent that

---

1. Defendants filed their motion on December 23, 1993. At the very latest, plaintiff's response was due by January 11, 1994. Since no response has been filed by plaintiff to date, we will treat the motion as uncontested. *See* Rule 20(c) of the Local Rules of Civil Procedure (in the absence of a timely response, a motion may be treated as uncontested).

plaintiff is seeking judicial review of the denial of any veterans benefits, however, this is specifically precluded by statute under 38 U.S.C. § 511(a) (1991). *See El–Amin v. U.S. Veterans Admin.,* 760 F.Supp. 747, 748 (N.D.Ind.1991), *aff'd,* 956 F.2d 272 (7th Cir. 1992) (federal courts lack subject matter jurisdiction to review decisions regarding entitlement to veterans benefits under section 211(a)); [2] *see also United States ex rel. Hester v. Veterans Admin. Center,* 330 F.Supp. 995 (E.D.Pa.1971), *aff'd,* 478 F.2d 1399 (3rd Cir.1973); *Hoffmaster v. Veterans' Admin.,* 315 F.Supp. 62 (E.D.Pa.1970), *aff'd,* 444 F.2d 192 (3rd Cir.1971). As such, this claim is dismissed.

### B. Social Security Benefits

■ Before a court has jurisdiction to review a social security determination, there must have been a claim for benefits presented to the Secretary of Health and Human Services, and a final decision after a hearing. *Rankin v. Heckler,* 761 F.2d 936, 940. (3rd Cir.1985) (quoting *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 344 (3rd Cir.1977)); *see also* 42 U.S.C. § 405(g) (1991 & Supp.1993). The first requirement is mandatory, and the second requirement can be waived, however, it has previously been waived only in situations where a party is challenging the statutory issues upon which the Secretary has taken a final position or where constitutional issues are raised. *Rankin,* 761 F.2d at 940. Where "the claim involves an individual disability determination, the policies of exhaustion counsel full compliance with the § 405(g) requirement." *Tustin v. Heckler,* 749 F.2d 1055, 1063 n. 13 (3rd Cir.1984).

■ Plaintiff alleges that Joseph Muffolett denied him his social security benefits without foundation, and that it took him four years to reach this conclusion. As defendants correctly note, plaintiff's exhibits show that the Office of Hearings and Appeals of the Department of Health and Human Services found that plaintiff was eligible for benefits due to disability, which decision was amended by an administrative law judge on April 17, 1993. Attached to the complaint is

also a notice of appeal dated July 5, 1993. However, plaintiff's complaint was filed on August 27, 1993, and there is no indication in the complaint that the appeal has yet been decided by the Appeals Council. As such, this Court lacks jurisdiction over plaintiff's appeal until his administrative remedies have been exhausted.

### C. Liability of Philadelphia Naval Shipyard

Plaintiff next alleges several infractions by the Philadelphia Naval Shipyard, where he was apparently employed from sometime in the 1970's until August of 1989. However, for the following reasons, plaintiff's claims must be dismissed.

■ Plaintiff first alleges there was "personal injury" without any further explanation. Even if this was sufficient to state a claim, this would be barred by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.* Section 8116(c) of FECA provides:

The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c) (1991).

Assuming for our purposes that the alleged injury occurred while plaintiff was performing his duties at the Naval Shipyard, any compensation plaintiff was entitled to receive would have been under FECA, and would have been administered by the Secretary of Labor. *See* 5 U.S.C. § 8102 (1991); *Heilman v. United States,* 731 F.2d 1104,

---

**2.** Section 511(a) was formerly designated section 211(a) until the act was renumbered in 1991.

1109 (3rd Cir.1984). Moreover, courts have held that there is no judicial review by the federal courts regarding the Secretary's determination. 5 U.S.C. § 8128(b) (1991); *Heilman,* 731 F.2d at 1109. As such, we are precluded from entertaining plaintiff's claim for personal injury.

■ Plaintiff next alleges that "discrimination deprived me from promotion." While a party is entitled to review of discrimination claims brought under Title VII of the Civil Rights Act, the party must first exhaust his administrative remedies. Before suit can be filed in federal court, claims under Title VII must be filed with the Equal Employment Opportunity Commission. *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1210 (3rd Cir.1984); *see* 42 U.S.C. §§ 2000e–5, 2000e–16 (1991); *see also* 5 U.S.C. § 7702 (1991). There is no indication from the complaint that plaintiff complied with the administrative remedies before filing suit in federal court, and as such, his claim must be dismissed.

■ Finally, plaintiff alleges that he was sent on trips and did not receive any reimbursement from the Naval Shipyard. Plaintiff has attached a travel voucher for travel expenses which apparently were generated in January 1977. However, as defendants note, this Court lacks jurisdiction over any type of decision regarding reimbursement as challenges to routine employment decisions fall within the purview of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.* Under the CSRA, minor personnel decisions are not subject to review by the courts. *Pinar v. Dole,* 747 F.2d 899, 910 (4th Cir.1984); *Robinson v. Pomorski,* CIV. A. No. 89–4526, 1989 WL 121882, at 1 (E.D.Pa. Oct. 16, 1989).

Here, plaintiff does not indicate that he ever pursued the administrative remedies available to him. Even if he had, however, denial of reimbursement is clearly a minor personnel decision which is not subject to review by the courts. As such, plaintiff fails to state a claim.

### D. Workers Compensation

■ Plaintiff next alleges that Joseph D. Shein, who is apparently a private attorney who handled some matters on behalf of plaintiff, conspired with Toby Rubenstein, who is an employee of the Office of Workers Compensation of the Department of Labor. Plaintiff cryptically alleges that they conspired to "put a lien on one of the settlements," and further, that Mr. Shein refused to give him a "transcript of each company and what they are offering," as well as conspiring with David Wilson, the director of claims in bankruptcy court, to give him a "full transcript of their proceeding." Plaintiff has also attached to the complaint various letters between himself and Mr. Shein, who appears to have filed some sort of action in bankruptcy court for claims on plaintiff's behalf.

However, after careful review of all of plaintiff's exhibits, it is impossible to tell what type of relief he is seeking, and as such, plaintiff's claim must be dismissed. Additionally, to the extent that plaintiff is seeking review for a denial of workers compensation benefits (pursuant to the allegations pertaining to Toby Rubenstein), it is clear that such claims are barred by FECA. *See* 5 U.S.C. § 8116(c) (1991).

### E. Defamation

■ Finally, plaintiff alleges that Major Roy E. Baxter and Captain Robert L. Sadoff defamed him. Attached to plaintiff's complaint are various documents signed by the two individuals. From the documents, it appears that these men made certain diagnoses regarding plaintiff's mental capacity in relation to plaintiff's discharge from the Air Force. Both documents contain a date of 1964.

■ However, plaintiff alleges no facts to support his claim for defamation. While courts are to construe *pro se* complaints liberally, this does not mean that courts must accept complaints which make conclusory allegations and are totally devoid of any facts. *See Miller–Turner v. Reich,* No. CIV. A. 93–3369, 1994 WL 52761, at 1 (E.D.Pa. Feb. 22, 1994) (defendant's motion to dismiss granted

where *pro se* complaint lacked any facts to support discrimination claim). As such, plaintiff's claim must be dismissed.

While we have the authority to grant plaintiff leave to amend his complaint in order to state a claim, we decline to do so because we also lack subject matter jurisdiction over plaintiff's claim. Courts in this Circuit and others have held that a federal employee's state law claims for defamation are preempted by the Civil Service Reform Act's exclusive remedy. *Saul v. United States*, 928 F.2d 829, 840–43 (9th Cir.1991); *Stephenson v. Veterans Admin.*, Civ. A. No. 91–3724, 1991 WL 208898, at 7 (E.D.Pa. Oct. 9, 1991) (dismissing state law claims of defamation by former federal employee against his supervisor under this principle).

Finally, even if plaintiff's claim is not preempted, we need not exercise pendent jurisdiction over his state law claim because it is the only claim remaining. *See Stephenson*, 1991 WL 208898, at 7 (citing *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3rd Cir. 1982)). As such, plaintiff's claim for defamation fails.

*III. Conclusion*

In sum, all of plaintiff's "infractions" fail to state a claim upon which relief can be granted, and as such, defendants' motion to dismiss will be granted. An appropriate order follows.

*ORDER*

AND NOW, this 28th day of March, 1994, upon consideration of the motion of defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it appearing to the Court that this motion is uncontested, it is hereby ORDERED that defendants' motion is GRANTED. It is further ORDERED that:

1) plaintiff's claims against the Department of Health and Human Services and its employees are DISMISSED WITHOUT PREJUDICE;

2) plaintiff's claim of defamation is DISMISSED WITHOUT PREJUDICE;

3) all of plaintiff's other claims are DISMISSED WITH PREJUDICE.