Elsworth M. MARSH, Plaintiff,

v.

**DEPARTMENT OF VETERANS AFFAIRS and Jesse Brown, Secretary, Defendants.**

Civil A. No. 3:95CV2 (STAMP).

United States District Court, N.D. West Virginia.

May 25, 1995.

Elsworth M. Marsh, Charles Town, WV, pro se.

*MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR HEARING; DENYING PLAINTIFF'S MOTION TO DISQUALIFY; AND GRANTING DEFENDANTS' MOTION TO DISMISS*

STAMP, Chief Judge.

I.  *Background*

On January 9, 1995, *pro se* plaintiff Elsworth M. Marsh filed this civil action against the Department of Veterans Affairs and Jesse Brown ("defendants") seeking $10.4 billion for the alleged denial of his civil rights. On January 9, 1995, plaintiff filed a motion to grant a preliminary hearing.[1] On April 3, 1995, the defendants filed a motion to

---

1. Since there is no certificate of service attached to that motion, it appears that the defendants did not receive a copy of it. Accordingly, that motion is attached hereto as an exhibit to this order.

dismiss. On April 10, 1995, plaintiff filed a motion to suppress the motion to dismiss, which this Court shall consider to be a response to the motion to dismiss. Also on April 10, 1995, plaintiff filed a motion to disqualify the Department of Justice.[2]

This Court has now reviewed the applicable law as well as the memorandum in support of and in opposition to the pending motions. For the reasons set forth below, this Court finds that plaintiff's motion to grant a preliminary hearing should be denied, plaintiff's motion to disqualify the Department of Justice should be denied, and that the defendants' motion to dismiss should be granted.

## II. *Motion to Grant Preliminary Hearing*

■ Plaintiff's motion to grant a preliminary hearing requests that a "hearing to show cause" be conducted regarding the terms of a jury trial, the Court's subpoena power, and plaintiff's right to court-appointed counsel. Plaintiff's motion contains no explanation of why such a hearing is necessary nor does he explain the relevance of any of the documents attached to that motion. Accordingly, this Court finds that plaintiff's motion for a preliminary hearing should be and hereby is DENIED.

## III. *Motion to Disqualify the Department of Justice*

■ Plaintiff argues that the Department of Justice should be disqualified from representing the defendants in this civil action. Plaintiff argues that the Department of Justice cannot represent the defendants because the Department of Justice, through the Attorney General's Office, is responsible for enforcing the Americans with Disabilities Act. Plaintiff further states that "the Department of Justice is a citizen representative against criminal injustice, so therefore, the Attorney General Office is in violation of office by denying a disabled American veteran representation." In support of this motion, plaintiff cites 28 U.S.C. § 526 which provides that the Department of Justice shall promulgate rules which prohibit Department

of Justice officers and employees from participating "in a particular investigation or prosecution if such participation may result in a personal, financial, or political conflict of interest, or the appearance thereof."

This Court finds no merit to plaintiff's motion to disqualify. Plaintiff has not demonstrated that the Department of Justice has any personal, financial or political conflict of interest nor has he demonstrated any basis for his assertion that the Attorney General's Office should be representing him, as a disabled veteran, in this litigation. Accordingly, plaintiff's motion to disqualify should be and hereby is DENIED.

## IV. *Motion to Dismiss*

■ Plaintiff's complaint alleges that the defendants have refused to provide him medical benefits to which he is entitled. The complaint attempts to state causes of action under the Rehabilitation Act of 1973, the Fourteenth Amendment to the United States Constitution, various civil rights legislation, the Americans with Disabilities Act, and the Federal Tort Claims Act. Since the allegations of plaintiff's complaint stem from a decision of the Veterans Administration to deny plaintiff certain benefits, this Court finds that plaintiff is essentially seeking judicial review of the Veterans Administration's determination regarding his eligibility for benefits.

■ Defendants argue, and this Court agrees, that such judicial review is prohibited under 38 U.S.C. § 511(a), which provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that effects the provision of benefits by the Secretary to veterans.... The decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

**2.** There is also no certificate of service attached to this motion. Accordingly, it is hereby attached as an exhibit to this order.

Under this provision, federal courts lack subject matter jurisdiction to review decisions concerning a veteran's entitlement to benefits. *See Hunt v. United States Air Force*, 848 F.Supp. 1190, 1192–93 (E.D.Pa.1994). Accordingly, the defendants' motion to dismiss should be and hereby is GRANTED. It is hereby ORDERED that this civil action be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.