122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald F. WARREN, Plaintiff-Appellant,
v.
UNITED STATES of America; State of Oregon; Jesse Brown,
Secretary; Barry L. Bell; Norman C. Gray, and VA
Supervisors, in their individual and in official capacities;
John Kitzhaber, Kathleen Haley; Dave Laduca; Maralyn E.
Turner; Terry L. Connor; Maurice J. Comeau; Edward A.
Heusch; Fred R. Stark; Joanne Jene; Hugh Johnston;
George CD Kjaer; Catherine M. Matter; James H. Sampson,
individually and in their official capactiy as member of
Oregon Board of Medical Examiners, State of Oregon,
Defendants-Appellees.
 No. 96-35448.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the District of Oregon Thomas M. Coffin, District Judge, Presiding
 MEMORANDUM* Before: SCHROEDER, FERNANDEZ, and
 RYMER, Circuit Judges.
 
 
 1
 Gerald Warren appeals pro se the district court's Fed R. Civ. P. 12(t))(6) dismissal of his complaint alleging that doctors employed by the Department of Veteran's Affairs ("DVA") negligently misdiagnosed him as a paranoid schizophrenic and that the state defendants violated his Equal Protection and Due Process rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 2
 The doctrine of res judicata "prevents the relitigation of a claim previously tried and decided." See Clark v. Bear Stearns & Co. 966 F.2d 1318, 1320 (9th Cir.1992). "[A] judgment on the merits in a prior suit bars a second suit involving the same parties or privies based on the same cause of action." See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 5 (1979).
 
 
 3
 In the third of three previous malpractice actions Warren filed against the DVA and its physicians, Warren named Dr. Gray as a defendant, and alleged that Dr. Gray misdiagnosed him as a paranoid schizophrenic. After consolidating the three malpractice complaints; the district court determined that there was a lack of proof in the case naming Dr. Gray as a defendant, and found in favor of the defendants as to all claims. Because Warren's malpractice claim against Dr. Gray has been decided previously, Warren is barred by res judicata from reasserting this claim. See id.
 
 
 4
 Warren's allegation that the state defendants violated his Due Process and Equal Protection rights also fails to state a claim. Although Warren named the State of Oregon as a defendant, states are not "persons" subject to suit under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Warren also names various officers and employees of the State of Oregon. Warren's complaint, however, fails to allege any facts against any of the named defendants. Accordingly, the district court properly dismissed Wazren's complaint for failure to state a claim. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir.1992).
 
 
 5
 To the extent that Warren challenges the DVA's benefits decision, this court lacks jurisdiction to review decisions of the DVA. See 38 U.S.C. § 511; see also DeMarest v. United States, 718 F.2d 964, 965-66 (9th Cir.1983).
 
 
 6
 Finally, the district court properly dismissed Warren's claim that Oregon Board of Medical Examiners denied Dr. Garner the "free exercise of his medical license" because Warren lacks standing to assert the constitutional rights of another. See Warth v. Seldin, 422 U.S. 490, 499 (1975).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 Warren's motion for sanctions and to strike the State appellee's brief is denied. In addition, Warren's request for judicial notice, his motion for leave to file additional exhibits, and his "motion/petition for court jurisdiction and review" of a subsequent Department of Veteran's Affairs final order, and his motion for sanctions against the DVA for unreasonable delay are denied.
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3